972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter G. PALLAS; Frances D. Pallas, husband and wife, d/b/a
Liberty Video, Plaintiffs-Appellants,
v.
James M. FAUST; Douglas P. Hintze; Drug Enforcement
Administration; Robert D. Dreisbach, Defendants-Appellees.
 No. 91-35461.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided July 24, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Peter and Frances Pallas appeal the Rule 41(b) dismissal of their Bivens action[1] against several agents of the Drug Enforcement Administration. The Pallases claimed violations of their Fourth Amendment rights arising from the DEA agents' seizure of the videotape inventory at Liberty Video & Auto Sales ("Liberty Video") incident to the execution of a search warrant. We have jurisdiction under 28 U.S.C. § 1291. Because the Pallases lack standing under the Fourth Amendment, we affirm.
 
 
 3
 * In October 1987, the DEA began a criminal investigation into the activities of Frank J. Tamez of Yakima, Washington. The investigation revealed that Tamez was involved in illegal drug trafficking and had capitalized various auto sales business enterprises in the Yakima area with proceeds from his illicit activities. After discussions with informants and a search of bank records, the DEA obtained a search warrant for books, records, and evidence of drug activity (not for videotapes) located at Liberty Video. When executing the warrant, DEA agents were told by Peter Pallas that he was the proprietor and Tamez was his "silent partner." Pallas also told the agents that Tamez had purchased the original videotape inventory. The agents seized the inventory, and the DEA sent a notice of seizure and intent to forfeit the property under the civil forfeiture statute, 21 U.S.C. § 881.
 
 
 4
 We review the district court's dismissal de novo, although factual determinations are reviewed for clear error. Johnson v. United States Postal Serv., 756 F.2d 1461, 1464-65 (9th Cir.1985).
 
 II
 
 5
 We must first determine whether the Pallases have standing to challenge the seizure under the Fourth Amendment. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Rakas v. Illinois, 439 U.S. 128, 133-34 (1978) (quoting Alderman v. United States, 394 U.S. 165, 174 (1969)). Therefore, if the Pallases did not have a protected interest in the seized videotapes, they lack standing to pursue this action.
 
 
 6
 The Pallases argue that to the extent the question is relevant, they had an ownership or partnership interest in the seized tapes.[2] The district court found to the contrary. It concluded that the Pallases "have not demonstrated that they have a legally enforceable ownership or partnership interest in the videotape rental inventory that was purchased by Frank Tamez with the proceeds of his illegal drug trafficking activities and which was seized by the DEA from Liberty Video." The district court's finding is supported by sufficient evidence. The Pallases did not have a written partnership agreement with Tamez, no partnership tax returns were filed, and Tamez was identified as their "tape supplier" instead of their partner in business correspondence. In addition, Tamez's tax filings listed Liberty Video as a sole proprietorship rather than a partnership. The district court's findings were therefore not clearly erroneous. Johnson, 756 F.2d at 1464-65.
 
 
 7
 Without an enforceable interest in the seized videotapes, the Pallases lack standing to bring a Bivens action under the Fourth Amendment. We therefore need not reach the merits of this appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [2]
 They did not argue in the district court that theirs was a possessory interest, and presented no evidence of being a lessee, bailee, or holder of any interest other than as a partner and owner